UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY J. WEAVER, Individually, and as the Guardian and Next Friend of DLW, a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC, ABC, INC., and JOHN DOE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 3:06-CV-403 <br> (PHILLIPS/GUYTON) |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 13] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of defendant CSX Transportation, Inc.'s ("CSX") Motion to Exclude Plaintiff's Experts. [Doc. 12]. CSX moves the Court to exclude Dr. Francis Rushing, Dr. Benson Hecker, and John Ambrose, plaintiffs' expert witnesses. As grounds, CSX states that the plaintiffs have not complied with Rule 26 of the Federal Rules of Civil Procedure, nor with the Scheduling Order [Doc. 11] entered by Judge Phillips. The plaintiffs oppose the motion, arguing that CSX has not been prejudiced by any delays in complying with the rules and that CSX is partially to blame for the delay.

**I.    Applicable Law**

Rule 26 of the Federal Rules of Civil Procedure states, in pertinent part, that:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2). The Scheduling Order entered in this matter states, in pertinent part, that "[d]isclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before August 30, 2007 for plaintiff and on or before September 28, 2007 for defendant." [Doc. 11 at ¶ 4(d)]. The Scheduling Order further states that: "**NOTE**: FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE EXCLUSION OF DAMAGES, WITNESSES, EXHIBITS, DEPOSITIONS, AND/OR VIDEOTAPES FROM EVIDENCE AT TRIAL." [Doc. 11 at ¶ 9 (emphasis in original)]. Additionally, Rule 16 of the Federal Rules of Civil Procedure "grants

district courts broad discretion to enforce their scheduling orders." Estes v. King's Daughters Med. Ctr., 2003 WL 932437, at *3 (6th Cir. Mar. 6, 2003).

## II. Dr. Francis Rushing

CSX first seeks the exclusion of Dr. Francis Rushing. The plaintiffs made the following expert disclosure as to Dr. Rushing:

> Dr. Rushing is an economist expected to testify as to the present value of Plaintiff's future earnings based upon Plaintiff's historical earnings and benefits, documents and information produced by Defendant and other information/data generally relied upon by experts in his field. . . . His report will be supplied via supplementation in a timely manner.

[Doc. 12-2 at ¶ 1]. This disclosure was made on August 30, 2007, plaintiffs' deadline for expert disclosures. CSX contends that the plaintiffs have not complied with Rule 26(a)(2) with respect to Dr. Rushing and that he should be excluded as a result. The plaintiffs disagree, arguing that "Defendant is familiar with Dr. Rushing, the areas of his expertise, and the predictability of his economic opinions in these types of cases. Dr. Rushing's methodology and opinions will be consistent with what he has done in the past." [Doc. 14].

The Court notes that Rule 26(a)(2)(B) in no way indicates that an expert report is optional if the opposing party has dealt with the witness in the past, nor does the Scheduling Order create such an exception. The plaintiffs offer no excuse for their failure to comply with the expert disclosure deadline of Rule 26 and the Scheduling Order entered in this case, nor have the plaintiffs requested an extension to that deadline. The Court finds CSX's motion [Doc. 12] to be well-taken as to Dr. Rushing, and the same is hereby **GRANTED** to the extent that Dr. Rushing shall be excluded as a witness in this matter.

**III. Dr. Benson Hecker**

CSX next moves for the exclusion of Dr. Benson Hecker. The plaintiffs made the following expert disclosure as to Dr. Hecker:

> Dr. Hecker is an expert in vocational rehabilitation and placement who may testify at the trial of this matter. In forming his opinion, Dr. Hecker may rely upon Plaintiff's medical records, educational records, work history, and a personal interview and vocational testing of Plaintiff. It is expected that Dr. Hecker may testify regarding Plaintiff's vocational opportunities and the effect that the injuries sustained, a result of Defendant's negligence, has had on those opportunities.

[Doc. 12-2 at ¶ 3]. This disclosure was also made on August 30, 2007. The plaintiffs again contend that CSX is familiar with Dr. Hecker. The plaintiffs further argue that Dr. Hecker has not had an opportunity to complete his evaluation of the injured plaintiff and that his report will follow once he has completed his evaluation.

The plaintiffs have not sought an extension with respect to Dr. Hecker, nor have they indicated why Dr. Hecker has been unable to complete his evaluation in a timely fashion. Accordingly, the Court finds CSX's motion [Doc. 12] to be well-taken as to Dr. Hecker, and the same is hereby **GRANTED** to the extent that Dr. Hecker shall be excluded as a witness in this matter.

**IV. John Ambrose**

Finally, CSX moves for the exclusion of John Ambrose as an expert witness. The plaintiffs made the following expert disclosure as to Mr. Ambrose:

> Mr. Ambrose is a former brakeman, conductor, engineer, road foreman of engines, and trainmaster. Mr. Ambrose is expected to give opinions on train handling and railroad operations relating to the incident.

[Doc. 12-2 at ¶ 4]. This disclosure was also made on August 30, 2007. The plaintiffs contend that Mr. Ambrose has been unable to perform a site inspection and has not received all of the necessary "black box" data related to this matter. The plaintiffs indicate that once they receive all of the necessary information, Mr. Ambrose will provide an expert report. CSX contends that the plaintiffs have never requested that Mr. Ambrose be allowed to perform a site inspection. CSX further contends that it has provided all relevant "black box" data to the plaintiffs.

The Court notes that the plaintiffs have not requested an extension of the expert deadline as to Mr. Ambrose, nor have the plaintiffs filed a motion to compel CSX to allow Mr. Ambrose to perform a site inspection, nor to compel CSX to produce the black box data. The Court also notes that the Scheduling Order in this matter establishes the proper method for resolving discovery disputes, including the dispute described by the plaintiffs. [Doc. 11 at ¶ 4(i)]. Assuming the plaintiffs did encounter the described discovery dispute, the proper course of action would have been to follow the three step process established in the Scheduling Order and to request an extension of relevant deadlines. The plaintiffs failed to do so. The plaintiffs cannot now blame CSX for the plaintiffs' own failure to invoke the timely assistance of the Court in resolving the discovery dispute and their subsequent failure to comply with the Scheduling Order. Accordingly, the Court finds CSX's motion [Doc. 12] to be well-taken as to Mr. Amrbose, and the same is hereby **GRANTED** to the extent that Mr. Ambrose shall be excluded as a witness in this matter.

## V.     Summary

For the reasons described more fully above, the Court finds CSX's motion [Doc. 12] to be well-taken, and the same is hereby **GRANTED**.  Dr. Rushing, Dr. Hecker, and Mr. Ambrose shall be excluded as witnesses in this matter.

**IT IS SO ORDERED.**

**ENTER:**

 s/ H. Bruce Guyton 
United States Magistrate Judge